UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY BOYD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. MILLER, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-05145-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE DISMISSAL WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 1 |

For the reasons discussed below, this Court directs the Clerk of the Court to reassign this action to a district judge, with the recommendation that this case be dismissed without prejudice, for Mr. Boyd's failure to prosecute and failure to comply with court orders.

**REPORT AND RECOMMENDATION**

On June 18, 2025, plaintiff Anthony Boyd, who is representing himself, filed this civil rights action against several named officers of the San Jose Police Department (SJPD) as well as eleven unnamed Doe officers of the SJPD. Dkt. No. 1. Because he paid the filing fee, the Court did not screen Mr. Boyd's complaint pursuant to 28 U.S.C. § 1915(e). *See id.*

On August 18, 2025, the Court issued an order noting that "Mr. Boyd has not submitted a proposed summons for issuance by the Court, and no summons has issued," and that "[t]here has been no appearance by any defendant nor any indication that any defendant has waived service of summons or otherwise been properly served." Dkt. No. 7 at 1. The Court also noted that "[p]ursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Mr. Boyd's last day to complete service on the defendants is September 16, 2025." *Id.* The Court directed Mr. Boyd to file a report regarding the status of his efforts to complete service on defendants by September 16, 2025.

*Id.* The Court also cautioned Mr. Boyd that "[i]f [he] fails to respond to this order or to otherwise timely obtain an extension of the service deadline for good cause shown, the Court will direct that this matter be reassigned to a district judge with the recommendation that the case be dismissed without prejudice." *Id.*

On September 22, 2025, the Court issued an order noting that Mr. Boyd did not file a status report by September 16, 2025, as ordered. Dkt. No. 10 at 1. The Court stated that the docket reflected that the Clerk of the Court issued Mr. Boyd's proposed summons on September 16, 2025 (Dkt. No. 9) and that there had been no further activity on the docket which suggested that defendants may not have been served. *Id.* The Court extended the deadline for service of process to October 16, 2025 and ordered Mr. Boyd to promptly file proofs of service after completing service on defendants. *Id.* The Court also directed Mr. Boyd to file a report regarding the status of his efforts to complete service on defendants by October 16, 2025. *Id.*

The October 16, 2025 deadline has passed. Mr. Boyd has not filed proofs of service or a status report. Nor has he made a timely request to extend the service deadline or responded to the Court's August 18, 2025 and September 22, 2025 orders.

This Court does not have the consent of all parties. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; *Williams v. King*, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court orders this case reassigned to a district judge with the recommendation that Mr. Boyd's complaint be dismissed without prejudice for failure to prosecute and failure to comply with court orders. *See* Fed. R. Civ. P. 4(m).

Any party may serve and file objections to this report and recommendation within 14 days after being served. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Civil L.R. 72-3.

**IT IS SO ORDERED.**

Dated: October 24, 2025

Virginia K. DeMarchi
United States Magistrate Judge

2